**JONES v. WALTHAL ELECTRIC CO., Inc.**

No. 3673.

District Court, E. D. New York.

Sept. 7, 1929.

Decree affirmed in 47 F.(2d) 174.

Cavanagh & James, of New York City (Maxwell James, of counsel), for plaintiff.

Pennie, Davis, Marvin & Edmonds, of New York City (Willis H. Taylor, Jr., of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This is an action in equity for the alleged infringement of patent No. 1,658,804, issued to the plaintiff for Capacitive-Coupling Control System, dated February 14, 1928, and patent No. 1,658,805, issued to the plaintiff for Capacitive-Coupling Control System, dated February 14, 1928.

The original application was filed December 15, 1928.

The alleged divisional application of patent No. 1,658,804 was filed September 21, 1926.

The alleged divisional application of patent No. 1,658,805 was filed March 15, 1927.

The said alleged divisional applications for the patents in suit were not filed as a result of a requirement for division by the Patent Office, but were optional divisions.

The defendant, Walthal Electric Company, Inc., is a dealer in Stromberg-Carlson Neutrodyne receivers, utilizing the Hazeltine Neutrodyne patents under which it has been licensed.

The instant suit is being defended by and at the expense of the Hazeltine Corporation, the owner of the said Hazeltine Neutrodyne patents.

The two Jones patents in suit relate to the neutralization of capacity-coupling, in whole or in part, of vacuum tubes employed in the circuits of a radio receiver.

The record in the suit brought by the plaintiff against Freed-Eisemann Radio Corporation (D. C.) 48 F.(2d) 300, has, by stipulation, been offered in the instant suit, and I might rest content to stop by simply making my opinion in that suit, my opinion in this, because nothing more favorable to the plaintiff has been introduced in the instant suit; in fact, the evidence in this suit is more favorable to the defendant on the question of noninfringement, if I was in error in my finding of invalidity of the patents in suit, in my decision in the Freed-Eisemann suit.

In the Freed-Eisemann suit the primary coil and auxiliary coil, generally denominated on the trial and herein as P, and A, were unlike, in that the primary comprised nine turns of wire, and the auxiliary comprised fifteen turns of wire. The coefficient of coupling between the primary and secondary (P, S) was 54 per cent., and between the auxiliary coil and secondary (A, S) 58 per cent.

Plaintiff said the coefficients of coupling between P, S and A, S were equal, and Hazel-

·tine said that had no engineering significance, and I agree with him.

In the instant suit, the primary and auxiliary coils are alike, and each comprise fifteen turns of wire, each coil being coupled to the secondary coil with a coefficient of coupling of 52 per cent.

The two coils, P and A, are wound, interleaved bifilar fashion on a single cylindrical support, which is located inside of the cylindrical support for the secondary coil winding.

I accept Wheeler's measurement as correct, and find that the coupling between the primary coil P, and the auxiliary coil A, is 88 per cent.

Jones is evidently wrong in his measurement of 79 per cent.

On the alleged infringing device, Exhibit H, coils P and A, having the same number of turns, and being arranged as shown in Figs. 3 and 7, of Hazeltine patents Nos. 1,489,228 and 1,533,858, were inevitably equal.

Equality under such conditions as I pointed out in my opinion in the Freed-Eisemann Case was shown in the said Hazeltine patents.

The coupling between the primary coil and the auxiliary is 88 per cent., and that is very close.

As absolute unity is an ideal, and 95 per cent. is probably the highest attainable percentage, surely 88 per cent. is very close, if not, as I believe it is, substantially equal, to unity; and in this opinion I am supported by the opinion of Judge Moscowitz, in Hazeltine Corporation v. A. H. Grebe & Co., Inc., (D. C.) 21 F.(2d) 643.

Plaintiff bases his contention that defendant infringes upon the fact that the special arrangement in the Stromberg-Carlson receiver, between the coils P and A, is that the diameter of the wire is .015 of an inch, while the spacing between centers is .050 of an inch, so that there is a clear space of .035 of an inch.

This, however, would not to my mind constitute infringement if the patents in suit were valid, because the alleged infringing device, Exhibit H, utilizes the "substantially equal to unity coupling" invention of claim 1 of Hazeltine patent, No. 1,489,228, and if there be any question about that, it certainly utilizes the close coupling invention of Hazeltine patent, No. 1,450,080, and as held by the Circuit Court of Appeals of this circuit, in Hazeltine Corporation v. E. A. Wildermuth, 34 F.(2d) 635, in a recent decision, as it utilizes the plate circuit neutralization of

Hazeltine patent, No. 1,533,858, that patent, in so far as the plate circuit neutralization claims were concerned, is not limited to close coupling.

As I have pointed out in my opinion, in the suit of Lester L. Jones v. Freed-Eisemann Radio Corporation, 48 F.(2d) 300, decided this day, the two Jones patents in suit, Nos. 1,658,804 and 1,658,805, are invalid. But if I am in error as to the invalidity of the Jones patent, No. 1,658,804, the defendant does not infringe.

A decree may be entered in favor of the defendant against the plaintiff, dismissing the complaint with costs.